W. T. SHANNONHOUSE, EXECUTOR, ET AL., v. J. FLEETWOOD.

(Filed 19 November, 1919.)

**Wills—Devise—Executors and Administrators—Trusts—Powers—Consent of Widow—Deeds and Conveyances.**

By the related provisions of a will the testator gave his estate to his wife for life, appointed an executor, giving him general management thereof, imposed upon him the duty to consult with the widow and secure her written consent "regarding all matters of sale and investment," and

that within the discretion of the executor, any property that the testator may own at the time of his death, "be sold, and the proceeds of same reinvested in good and substantial stocks, bonds, or real estate." *Held,* the discretion of the executor was restricted by the terms of the will only by the requirement for the consent of the widow in writing, and a sale of the testator's lands accordingly made, conveyed a good title.

CONTROVERSY without action, submitted to *Bond, J.,* at August Term, 1919, of PERQUIMANS.

The plaintiffs contracted to sell to the defendant a certain tract of land at a certain price. The defendant is willing to take the land and pay the money, but avers that the title is not good. The court held that the title was not good, and adjudged that the defendant be not required to pay the purchase money. Plaintiffs appealed.

*William T. Shannonhouse for plaintiffs.*
*Charles Whedbee for defendant.*

BROWN, J.   The title to the land depends upon the construction of the will of H. T. Shannonhouse, deceased. It is admitted that if the executor, William T. Shannonhouse, acting in connection with the wife of the testator, has power to sell the land under the terms of the will, then the proffered title is good, and the defendant may justly be required to pay the purchase money. The will contains the following provisions:

"I hereby appoint my brother, William T. Shannonhouse, to be and act as my sole executor, and that he shall furnish good and sufficient bond.

"I hereby impose upon my executor, as part of his duties hereunder, that in all matters he shall consult and secure the consent in writing of my wife, Annie H. Shannonhouse, regarding all matters of purchase or sale and reinvestments.

"I hereby desire and will to my wife, Annie H. Shannonhouse, all of my life insurance, to be paid her immediately upon settlement of same with the insurance companies, said sum to belong to her in full and in fee.

"No. 2.   I will and devise to my wife, Annie H. Shannonhouse, during her lifetime all of my properties of all and every kind.

"I hereby appoint and authorize my brother, William T. Shannonhouse, to act as manager, and have full power of handling all property for my wife, Annie H. Shannonhouse, subject to paragraph three on sheet No. 1.

"It is my will and desire that any property that I may own at the time of my death, and any of same should be found to be not profitable or remunerative, that same shall, in the discretion of my brother, Wil-

liam T. Shannonhouse, subject to paragraph three of sheet No. 1, be sold, and the proceeds of same reinvested in good and substantial stocks, bonds, or real estate.

"I will and devise that all revenue from my property of all kinds (No. 3 sheet) be paid to my wife, Annie H. Shannonhouse."

It is stated in the case that in the opinion of W. T. Shannonhouse, executor,· concurred in by Annie H. Shannonhouse, by her consent in writing, the said farms are not profitable or remunerative, and it would be for the best interest of all that a sale be made of all the farms and proceeds reinvested in good substantial stocks, bonds, or real estate.

We are of opinion that, under the will, the power of sale is conferred upon the executor subject to the approval of the widow. A certain discretion is vested in the executor, subject to such approval, to determine whether or not any of the property of the testator proves to be unprofitable and unremunerative. In such case, the executor is charged with the duty of selling the same and reinvesting the proceeds in "good and substantial stocks, bonds, or real estate." The power of the executor is restricted always, throughout the entire will, by requiring him to have the approval of the widow. She seems to be the first object of the testator's care, and is given practically all the revenues of the estate. It is declared by the executor and the widow that the farms are not profitable or remunerative, and that it would be for the best interest of all concerned that a sale be made of all the farms and the proceeds reinvested according to the terms of the will.

We think this provision of the will speaks for itself, and is couched in plain and simple terms. It is not unreasonable. On the contrary, it may be a wise provision, by which the income of the widow· may be increased.

We are of opinion that the proffered title is good, and that the defendant should be required to accept the deed and pay the purchase money.

Reversed.